# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| RODRIGO SUAREZ GUZMAN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN et al.,<br><br>Respondents. | Case No. 5:26-cv-0607-DFM<br><br>Order Granting in Part Petition for Writ of Habeas Corpus |

On February 11, 2026, Petitioner Rodrigo Suarez Guzman ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Pursuant to the Court's Order Requiring Response (Dkt. 5), Respondents filed a response. See Dkt. 9 ("Response"). Petitioner filed a reply. See Dkt. 11 ("Reply").[1]

## I.   BACKGROUND

Petitioner is a citizen of Mexico. See Petition ¶ 8.[2] Petitioner entered the United States without inspection on or about January 2008 near San Diego, California, and was voluntarily returned to Mexico on January 5, 2008. See id.

---

[1] The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case under 28 U.S.C. § 636(c). See Dkt. 6, 10.

[2] The Petition repeats numbering as to paragraphs 1-21.

¶ 4. See id. Petitioner has thereafter resided in the United States since 2008. See id. ¶¶ 8, 15. Petitioner has a stable job, family members in the United States, a United States citizen willing to serve as a sponsor on his behalf, and no criminal convictions. See id. ¶ 18. Petitioner was arrested on July 18, 2015 for cockfighting. See id.

On December 15, 2025, Petitioner was taken into custody when he drove his wife to a check-in with immigration authorities. See id. ¶ 5. Immigration officers approached Petitioner's car in the parking lot and demanded that Petitioner exit. See id. ¶ 6. When Petitioner refused, officers broke his window, removed him from his car, and arrested him. See id. The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings, alleging that he had entered the United States without inspection. See id. ¶ 7 (referencing 8 U.S.C. § 1182(a)(6)(A)(i)). Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. See id. ¶ 16. Petitioner has an attorney and believes that he has strong claims for immigration relief. See id. ¶ 19.

Since December 15, 2025, Petitioner has been detained without bond at the Adelanto ICE Processing Center. See id. ¶¶ 8, 9. On at least two occasions, Petitioner requested review of his custody (i.e., a bond hearing) by an Immigration Judge ("IJ"). See id. ¶ 9; Reply at 2. On January 7, 2026, the IJ denied Petitioner eligibility for bond because the IJ deemed Petitioner subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and determined that he lacked jurisdiction to grant release on bond. See Petition ¶¶ 9, 18; see also Dkt. 1-1. On March 9, 2026, the IJ again determined that he lacked jurisdiction over Petitioner's request. See Reply at 2-3; see also Dkt. 11-1.

Petitioner brings his Petition in part to seek enforcement of his rights as a member of the "Bond Eligible Class" certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-1873, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal.

2

Nov. 25, 2025), <u>reconsideration granted in part</u>, — F. Supp. 3d —, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), <u>amended and superseded on reconsideration</u>, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), <u>final judgment entered</u>, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). <u>See</u> Petition ¶¶ 45-49. Petitioner argues he is being detained in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. and the Due Process Clause of the Fifth Amendment. <u>See id.</u> ¶¶ 50-64. Petitioner seeks a writ of habeas corpus requiring that Respondents release him within one (1) day or, alternatively, that Respondents release him from custody unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days. <u>See id.</u> at 30-31 (Prayer for Relief). Petitioner also seeks declaratory relief and fees under the Equal Access to Justice Act. <u>See id.</u>

In their Response, Respondents argue that Petitioner has received bond hearings and "is being afforded all due process under the law in his ongoing immigration proceedings." Response at 1-2. Respondents contend that, "[t]herefore, Petitioner has failed to exhaust his administrative remedies and failed to establish why his demand to be released should not be heard in the first instance by the immigration court." <u>Id.</u> at 2-5. Respondents also acknowledge that: (1) Petitioner appears to be a member of the "Bond Eligible Class" certified in <u>Bautista</u>; and (2) Petitioner's claim in this action appears to be subject to the <u>Bautista</u> judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. <u>See id.</u> at 2-3.

## II.   DISCUSSION

As an initial matter, habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies. <u>See</u> <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045 (9th Cir. 2012). However, because this requirement is not a "jurisdictional prerequisite," it is subject to waiver. <u>Id.</u> at 1045-46; <u>Arango Marquez v. INS</u>, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he

3

district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional.").

Here, Petitioner argued that exhaustion would be futile, see Petition ¶¶ 41-44. The Court agrees. The Ninth Circuit has explained that prudential exhaustion may be required when three factors are present: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). Here, and as explained below, the Court does not need to wait until Petitioner has appealed the IJ's decision(s) to the Board of Immigration Appeals ("BIA").

First, agency consideration is not necessary to generate a record or reach a proper decision in this matter. While this Court defers to the agency's expertise as to the substantive, fact-based decision of granting or denying bond, the present question of statutory and constitutional interpretation does not require an appellate record developed by the BIA. See Hernandez v. Sessions, 872 F.3d 976, 989 (9th Cir. 2017) ("an administrative appellate record is not necessary to resolve . . . purely legal questions"); see also Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024) (holding that the task of resolving statutory interpretation belongs to the independent judgment of the courts).

Second, relaxation of the exhaustion requirement would not encourage the deliberate bypass of the administrative scheme. In fact, this Court is persuaded by other courts addressing this issue that resolving this underlying legal uncertainty will provide definitive guidance for future administrative proceedings, likely decreasing the number of future habeas petitions, thereby

4

reducing bypass of the administrative scheme. See Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1252 (W.D. Wash. 2025).

Finally, appellate review by the BIA would not likely lead to self-correction. The present DHS policy guidelines and precedential BIA opinion in the Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), make the result of an administrative appeal all but certain and therefore unnecessary. See Hernandez, 872 F.3d at 989 ("[W]here the agency's position on the question at issue appears already set, and it is 'very likely' what the result of recourse to administrative remedies would be, such recourse would be futile and is not required." (citing El Rescate Legal Servs., Inc. v. Exec. Off. of Immigr. Rev., 959 F.2d 742, 747 (9th Cir. 1991))). The entrenchment of the agency's position is underscored by the IJ's orders from Petitioner's two prior "bond hearings." See Dkts 1-1 at 3-4, 11-1 at 2-3. In sum, exhaustion is futile, and waiver is appropriate.

Turning to the merits, the core issue is whether Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) or discretionary under 8 U.S.C. § 1226(a). The key difference is that § 1226(a) provides the discretion to release detainees on bail or conditional parole, while § 1225(b)(2) mandates detention throughout the completion of removal proceedings, so long as the noncitizen— "who is an applicant for admission" and "seeking admission"—is not deemed "clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A); see also Jennings v. Rodriguez, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of [noncitizens] throughout the completion of applicable proceedings.").

Petitioner contends that his detention should be governed by § 1226(a). See Petition ¶ 40. The Court agrees. Substantial ink has been spilled on the question of detention under § 1225(b)(2) versus § 1226(a) in recent months. "The vast majority of courts confronting this precise issue have rejected

respondents' interpretation, and the BIA's interpretation in Hurtado, as contradictory to the plain text of § 1225." Amaya v. Bondi, No. 25-16428, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498-508 (5th Cir. 2026) (reaching a different interpretation over a dissent). This Court agrees with the "overwhelming majority." Salgado v. Mattos, No. 25-01872, 2025 WL 3205356, at *2 (D. Nev. Nov. 17, 2025).

In Jennings, the Supreme Court stated that § 1225(b) "applies primarily to [noncitizens] seeking entry into the United States" whereas § 1226 "applies to [noncitizens] already present in the United States." 583 U.S. at 288-89, 297, 303. Because Petitioner was a noncitizen "already present in the United States" when he was apprehended, Petitioner's detention is proper under § 1226, not § 1225. See id. Considering the Supreme Court's prior distinction, the Court finds it unnecessary to engage in an extended independent reading of the provisions at issue. See Yarleque v. Noem, No. 25-02836, 2025 WL 3043936, at *8 (C.D. Cal. Oct. 31, 2025) ("Given that this Court is bound by the Supreme Court decision in Jennings, the Court need go no further and need not independently determine whether this distinction is a proper reading of the statute.").

As indicated above, this Court's determination is in accord with numerous decisions of other courts who have analyzed the statutes at issue, discussed longstanding agency practice, found the BIA's new reading to be erroneous, and granted similar habeas petitions. See, e.g., Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *4 (E.D. Penn. Nov. 18, 2025) ("Once again, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.").

Moreover, it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment. See, e.g. Inzuna v. Warden, — F. Supp. 3d —, 2026 WL 233211, at *2-*3 (C.D. Cal. Jan. 27, 2026) (concluding the same). The Bautista final judgment—which remains in effect in this District—declared that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, 2025 WL 3678485, at *1.

Petitioner, a "Bond Eligible Class" member, is entitled to the relief provided in the Bautista final judgment and the procedural protections that § 1226(a) provides, including a bond hearing. See, e.g., Demirel, 2025 WL 3218243, at *5 ("I will order [Respondent] to afford [Petitioner] the procedural protections that § 1226(a) provides: a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond."); Hernandez-Luna v. Noem, No. 25-1818, 2025 WL 3102039, at *4-5 (D. Nev. Nov. 6, 2025); see also Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions.").

Considering the Court's decision to grant habeas relief on Petitioner's INA contentions, the Court finds it unnecessary to engage in an extended analysis of Petitioner's Due Process claim. See Demirel, 2025 WL 3218243, at *5 (declining to address, inter alia, due process contentions). The Court's conclusion that § 1226(a) grants Petitioner the right to a bond hearing "is sufficient to remedy a Constitutional violation." Rodriguez v. Arnott, No. 25-00836, 2025 WL 3218553, at *4 (W.D. Mo. Nov. 18, 2025).

Consistent with recent practice in this District, the Court will order Petitioner's release if he is not provided with a bond hearing under § 1226(a) within seven (7) days. See, e.g., Engonga v. Noem, No. 25-03479, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025) ("The court agrees with Respondents' assessment that 'Courts in this District have generally ordered in similar cases' that a bond hearing be held within 7 days.").

## III.   CONCLUSION

IT IS THEREFORE ORDERED that the Petition is GRANTED in part as follows. Respondents are ordered to arrange for Petitioner to receive an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider release on bond. Respondents are ordered to release Petitioner from custody if Petitioner is not timely provided with the aforementioned hearing.

The parties are ordered to file a status report within ten (10) days detailing if and when the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

The Court will issue Judgment consistent with this Order. Any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court retains jurisdiction to adjudicate any collateral enforcement issues.

Date: March 26, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

8